UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Apollyon Kennedy-Bey,<br><br>       Plaintiff,<br><br>   v.<br><br>Mrs. Lori Swanson, *Set. of State*; Mr. Mark Dayton, *Gov. of State*; Mr. Matt Bostrom; *Sheriff, Department of St. Paul*; The Adult Detention Center, *Whomever is in charge of it*; The State of Minnesota, *All Gov. Body*; and Rick Dusterhoft, *each in their official capacity*,<br><br>       Defendants. | Case No. 16-cv-3938-DWF-KMM<br><br><br><br>**ORDER** |

Apollyon Kennedy-Bey, 420 Manhattan Pkwy, Painesville Township, OH 44077, plaintiff *pro se*

Janine Wetzel Kimble, Minnesota Office of Attorney General, counsel for defendants Ms. Swanson, Mr. Dayton, and the State of Minnesota

Kimberly R. Parker / Robert B. Roche, Ramsey County Attorney's Office, counsel for defendants Mr. Bostrom, the Adult Detention Center, and Mr. Dusterhoft

   This matter is before the Court on the Defendants' requests that this action be dismissed. Because the Court finds this action is barred by the doctrine of *res judicata*, the Court recommends that the lawsuit be dismissed with prejudice.

   **Background**

   Mr. Kennedy-Bey filed this lawsuit on November 17, 2016, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Mr. Kennedy-Bey's claims in this action are asserted against several Defendants, including: Minnesota Attorney General Lori

Swanson, Minnesota Governor Mark Dayton, former Ramsey County Sheriff Matt Bostrom, the Ramsey County Adult Detention Center, the State of Minnesota, and Rick Dusterhoft (who was an attorney in the St. Paul City Attorney's Office).[1]

In his Complaint, Mr. Kennedy-Bey claims that on July 3, 2014, he was wrongfully arrested for disorderly conduct for an incident on the Green Line Light Rail train, which resulted in his detention for five days at the Adult Detention Center in Ramsey County. (Compl. at 3; *see also* ECF No. 1-1 at 2.) Mr. Kennedy-Bey asserts that when his case was referred for prosecution, Mr. Dusterhoft recommended a charge of terroristic threats, but another attorney in the St. Paul City Attorney's Office determined that the charges lacked merit. (Compl. at 5.) Mr. Kennedy-Bey alleges that his detention forced him to miss one or more doctor's appointments. (ECF No. 1-2 at 5.) Mr. Kennedy-Bey alleges that he made complaints about his arrest and detention "up the chain of command" and those complaints were forwarded to Attorney General Swanson and Governor Dayton. (Compl. at 5.)

Before he filed this lawsuit, Mr. Kennedy-Bey brought an action based on the same incident on the Light Rail that is at issue here. (*See* ECF No. 16); *Kennedy-Bey v. Metro. Council, et al. ("Kennedy-Bey I")*, No. 15-cv-2627 (DWF/LIB), 2016 WL 7868701 (D. Minn. Dec. 6, 2016) (report and recommendation describing the allegations in plaintiff's first lawsuit). This Court previously noted that some of Mr. Kennedy-Bey's claims in this action are identical to claims raised in *Kennedy-Bey I*. However, the Court also noted that other claims he now pursues in this case could have been alleged in the earlier lawsuit. (ECF No. 16 at 1–2.) Therefore, the Court required Mr. Kennedy-Bey to show cause why this matter should not be stayed pending the resolution of *Kennedy-Bey I*. (*Id.* at 2.) This case was stayed on March 1, 2017. (ECF No. 18.)

---

[1] The State of Minnesota, Governor Dayton, and Attorney General Swanson are referred to collectively in this Report and Recommendation as "the State Defendants." Sheriff Bostrom, Ramsey County Adult Detention Center, and Mr. Dusterhoft are referred to collectively as "the Ramsey County Defendants."

While this case was stayed, *Kennedy-Bey I* moved forward. United States District Judge Donovan W. Frank, who is also the District Judge assigned to this case, issued an Order granting summary judgment to the defendants in *Kennedy-Bey I*, adopting the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois. *Kennedy-Bey I*, 15cv2627, Doc. No. 106. In *Kennedy-Bey I*, Mr. Kennedy-Bey asserted excessive-force and unreasonable-search-and-seizure claims against several Metropolitan Transit Police officers based on his arrest. He also alleged that he was unlawfully held for 5 days at the Ramsey County Adult Detention Center, though no criminal charges were ultimately filed against him. *Kennedy-Bey I*, 2016 WL 7868701, at *1–2 (report and recommendation describing the Mr. Kennedy-Bey's claims).

In his Report and Recommendation, Magistrate Judge Leo I. Brisbois concluded that Mr. Kennedy-Bey failed to present any genuine issue of material fact in support of his claims. Judge Brisbois recommended summary judgment in favor of the defendants in *Kennedy-Bey I* because Mr. Kennedy-Bey brought official-capacity claims only and he was not entitled to monetary relief for those claims. Judge Brisbois also concluded that Mr. Kennedy-Bey's requests for injunctive relief were inappropriate where there was no showing that he faced a real threat of future harm. Finally, Judge Brisbois concluded that qualified immunity barred Mr. Kennedy-Bey's claims for relief because the rights he alleged were violated were not clearly established at the time of the incident on the Light Rail. *Kennedy-Bey I*, 2016 WL 7868701, *passim*.

Mr. Kennedy-Bey appealed the summary judgment in favor of the defendants in *Kennedy-Bey I*. On April 3, 2018, the Eighth Circuit Court of Appeals issued a *per curiam* opinion affirming the summary-judgment decision. *See Kennedy-Bey I*, Doc. No. 114. On May 9, 2018, the Eighth Circuit denied Mr. Kennedy-Bey's petition for rehearing en banc. *Kennedy-Bey v. Metropolitan Council*, No. 17-1835 (8th Cir. May 9, 2019) (Order).

Given the Eighth Circuit's April 3, 2018 decision affirming the summary-judgment Order in *Kennedy-Bey I*, this Court lifted the stay in this action on April 11,

2018 and requested supplemental briefing from the Defendants on the issue of *res judicata*. (ECF No. 27.) The Defendants have now submitted supplemental briefs, arguing that this case should be dismissed because Mr. Kennedy-Bey is attempting to relitigate claims he has already lost in *Kennedy-Bey I* or he is trying to raise claims here that could have been pursued in that earlier lawsuit. (ECF Nos. 28, 30.) The State Defendants argue that the claim is barred by both claim preclusion and issue preclusion. (ECF No. 28.) The Ramsey County Defendants argue that because the Defendants here were not parties to *Kennedy-Bey I*, the doctrine of issue preclusion should be applied and that it bars plaintiff's claims. (ECF No. 30.)

### Discussion

The Court concludes that Mr. Kennedy-Bey's claims in this action are barred by issue preclusion, also known as collateral estoppel. Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010). All five of these elements are met in this case.

First, there can be no dispute that Mr. Kennedy-Bey, the party who is sought to be precluded in this case, was also a party in *Kennedy-Bey I*. Therefore, the first element of issue preclusion is met.

The second element is satisfied because the issue sought to be precluded in this suit is the same that was involved in *Kennedy-Bey I*. In this case, Mr. Kennedy-Bey pursues remedies arising out of his allegedly wrongful arrest and detention. He raised

4

this same issue in *Kennedy-Bey I*. *Kennedy-Bey*, 2016 WL 7868701, at *1–2 (describing Mr. Kennedy-Bey's claims for unlawful arrest leading to him being held for five days prior to his release). It makes no difference that Mr. Kennedy-Bey's claims are now asserted against the State Defendants and the Ramsey County Defendants. Both cases are premised upon the same underlying assertion that Mr. Kennedy-Bey's rights were violated when he was arrested on July 3, 2014 and therefore unlawfully detained. There is substantial overlap between the argument he raised in *Kennedy-Bey I* and the claims he presents here and discovery in his first case would have covered the same issues that he is attempting to litigate here. *See* Restatement (Second) of Judgments § 27 cmt. c (1982) (suggesting preclusion is proper whether there is "substantial overlap" between the argument in both lawsuits and whether discovery in the first action reasonably could have been expected to embrace the argument made in the second proceeding).

Third, the question whether Mr. Kennedy-Bey's arrest and detention violated his constitutional rights was actually litigated in *Kennedy-Bey I*. In the earlier case, Judge Brisbois concluded that Mr. Kennedy-Bey's claim that he was unlawfully seized and held without justification lacked merit. Judge Brisbois found that there was no genuine issue of material fact that Mr. Kennedy-Bey's arrest was supported by arguable probable cause, and therefore the defendants in *Kennedy-Bey I* were entitled to qualified immunity. *Kennedy-Bey*, 2016 WL 7868701, at *10–12. The Court also finds that Mr. Kennedy-Bey had a full and fair opportunity to be heard on the issue in the prior action. *See Irving v. Dormire*, 586 F.3d 645, 648–49 (8th Cir. 2009). "'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, of fairness of procedures followed in the in prior litigation.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979)). But here, that is not the case. There is nothing in the record of either proceeding that gives this Court a reason to doubt the quality, extensiveness, or fairness of procedures followed in *Kennedy-Bey I*.

5

The fourth element of collateral estoppel is also satisfied because the issue sought to be precluded in this case was determined by a valid and final judgment in *Kennedy-Bey I*. The District Court granted the defendants' motions for summary judgment in *Kennedy-Bey I*, the Eighth Circuit affirmed that decision, and then subsequently denied Mr. Kennedy-Bey's request for rehearing en banc. As a result, Mr. Kennedy-Bey's challenge to his arrest and detention was determined by a valid and final judgment. *See Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1992) ("It is well settled that summary judgment is a final judgment on the merits for purposes of res judicata."). Litigation over the propriety Mr. Kennedy-Bey's arrest reached a sufficiently final stage in *Kennedy-Bey I* that the Court "sees no really good reason for permitting it to be litigated again." *John Morrell & Co. v. Local Union 304A of the United Food and Commercial Workers*, 913 F.2d 544, 563 (8th Cir. 1990) (internal quotations omitted).

The fifth element is also satisfied because the determination of the unlawful-arrest issue in *Kennedy-Bey I* was essential to the prior judgment. The arresting officers in *Kennedy-Bey I* were entitled to qualified immunity because Mr. Kennedy-Bey presented no genuine issue of material fact concerning his claim that the arrest was conducted without arguable probable cause.

In addition, the Court notes that it makes no difference that Mr. Kennedy-Bey has sued a different group of defendants in this case than he did in *Kennedy-Bey I* because the State Defendants and the Ramsey County Defendants have invoked the defensive use of collateral estoppel—i.e., when a plaintiff is "estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979). "Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries,'" and incentivizes the plaintiff "to join all potential defendants in the first action if possible. *Id.* at 329–30. Here, Mr. Kennedy-Bey is attempting to relitigate issues he previously litigated and lost in *Kennedy-Bey I* by merely switching adversaries

6

to the Ramsey County Defendants and the State Defendants. Issue preclusion prevents such a result.

Finally, the Court concludes that preventing Mr. Kennedy-Bey from contesting again in this action the lawfulness of his arrest and detention serves the purpose of issue preclusion—it protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States,* 440 U.S. 147, 153–154 (1979)). Therefore, this action should be dismissed because Mr. Kennedy-Bey's claims are barred under the doctrine of issue preclusion.[2]

**Recommendation**

For all the reasons discussed above, **IT IS HEREBY RECOMMENDED THAT**:

1. The State Defendants' Motion to Dismiss **(ECF No. 9)** be **GRANTED**; and
2. This action be **DISMISSED WITH PREJUDICE** on the grounds of collateral estoppel.

Date: October 29, 2018          *s/Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

---

[2] Because the Court reaches this conclusion, it does not address the other arguments raised in support of the State Defendants' motion to dismiss (ECF No. 9). Nor does the Court reach the Ramsey County Defendants' argument that the action should be dismissed because they did not receive valid service. (ECF No. 30.)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.